IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| GARLAND BRANCH OF NAACP, | § | |
| | § | |
| Intervenor, | § | |
| | § | |
| v. | § | No. 3:70-cv-4100-K |
| | § | |
| GARLAND INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**ORDER DECLARING UNITARY STATUS AND DISMISSING CASE**

Before the Court is the Motion for Declaration of Unitary Status and Dismissal (the "Motion") (Doc. No. 95) filed by the United States of America ("Plaintiff"). Plaintiff requests the Court issue a declaration of unitary status and withdraw its supervision of Garland ISD and dismiss this case. Defendant Garland Independent School District ("Garland ISD") filed a Response (Doc. No. 99) stating it agrees with the requested relief. Doc. No. 99 at 1. Intervenor Garland Branch of NAACP was notified by Plaintiff of the Motion and notified by Garland ISD of the Response. Intervenor has not responded to either the Motion or the Response and has not otherwise communicated with the Court. The Court is also in receipt of the Amicus Brief (Doc. No. 98) filed in support of the Motion by Garland resident, Robert Duckworth. The Court has carefully considered the Motion, the Response, the applicable law, and the relevant portions of the record, which

includes numerous detailed reports filed by Garland ISD on the status and effect of its school choice plan. The Court has also reviewed the Amicus Brief. For the following reasons, the Court **GRANTS** the Motion and **DISMISSES** this case **with prejudice**.

This Court has supervised Garland ISD and its school desegregation plan for more than 55 years. *See generally* Doc. No. 1. In school segregation cases such as this, "[t]he transition to a unitary, nonracial system of public education was and is the ultimate end to be brought about[.]" *Green v. Sch. Bd. of New Kent Cnty.*, 391 U.S. 430, 437 (1968). But "the term 'unitary' is not a precise concept" and it "does not have a fixed meaning." *Freeman v. Pitts*, 503 U.S. 467, 486–87 (citing *Bd. of Educ. of Okla. City Pub. Sch., Indep. Sch. Dist. No. 89, Okla. Cnty., Okla. v. Dowell*, 498 U.S. 237, 636 (1991)). Thus, in deciding whether a school district is unitary, courts look to "certain features of the school system that must be freed from racial discrimination before the desegregation process will be deemed successful: student assignment, faculty assignment, facilities and resources, transportation, and extracurricular activities." *Borel ex rel. AL v. Sch. Bd. Saint Martin Par.*, 44 F.4th 307, 313–14 (5th Cir. 2022) (citing *Green*, 391 U.S. at 435). To reach unitary status, the school district must establish "that it has (1) complied in good faith with desegregation orders for a period of at least three years and (2) eliminated the vestiges of prior *de jure* segregation to the extent practicable." *Borel*, 44 F.4th at 314 (internal quotations omitted) (quoting *Anderson v. Sch. Bd. of Madison Cnty.*, 517 F.3d 292, 297 (5th Cir. 2008).

On this extensive record, the Court finds that Garland ISD has complied in good faith with the Court's desegregation orders for well-more than three years by, among other

things, instituting Garland ISD's Freedom of Choice Plan, a process by which students are able to choose the school they wish to attend. *See, e.g.*, Doc. Nos. 7 (quarterly status report of September 20, 2007) & 8 (quarterly status report of December 20, 2007). The Court further finds that Garland ISD has eliminated the vestiges of prior *de jure* segregation and, to the extent practicable, operates in a constitutionally permissible manner. *See, e.g.*, Doc. No. 100 (100-page status report of June 15, 2026, discussing current conditions and developments of Garland ISD schools, including student assignments, faculty, staff, transportation, extracurricular activities, and facilities).

Based on this record and the applicable law, the Court concludes that Garland ISD has met the legal standards for a declaration of unitary. The Court further concludes that its continuing jurisdiction of this matter should be terminated and this case should be dismissed. For all these reasons, the Court **grants** Plaintiff's Motion for Declaration of Unitary Status and Dismissal (Doc. No. 95). Thus, the Court **declares** Garland ISD has achieved unitary status. Accordingly, the Court **withdraws** its continued supervision of Garland ISD. The Court also **dissolves** all prior desegregation orders, injunctions, and judgment (as modified) in this matter. This case is hereby **dismissed with prejudice**.

SO ORDERED.

Signed September 1st, 2026.

Ed Kinkeade

ED KINKEADE
UNITED STATES DISTRICT JUDGE